JAMES H. WILCOX *v.* HENRY A. MORRISON *et al.*

1. CHANCERY PLEADINGS AND PRACTICE. *Trusts. Local jurisdiction.* A chancery court in Tennessee has jurisdiction at the suit of a maker of a trust deed who resided in Virginia, where also the beneficiaries and trustee resided and the realty conveyed was situated, to administer and execute the trust, when a chose in action in Tennessee was embraced in the trust and it appears that it is the only part of the trust fund remaining undisposed of.

2. NOTICE. *When presumed.* A judgment debtor, who becomes surety for the prosecution of a suit to enjoin the judgment against him, will be presumed to have notice of its assignment, when the fact of assignment is alleged in the injunction bill.

3. ERRONEOUS DECREE. *Collateral attack.* A decree between co-defendants in a chancery suit cannot be collaterally impeached by original bill because it was erroneous and reversible on appeal.

4. FOREIGN DECREES. The decrees of courts of a sister State touching the executing of such a trust *pro tanto,* will be respected and allowed to stand, unless it clearly appear that they are fraudulent.

---

FROM HAWKINS.

---

Appeal from the Chancery Court at Rogersville. H. C. SMITH, Ch.

J. B. HEISKELL and KYLE & McDERMOTT for complainant.

F. M. FULKERSON for respondents.

DEADERICK, C. J., delivered the opinion of the court.

The complainant executed to defendant Morrison's predecessor a trust deed on land in Virginia, and some notes, one of which was for $981, on Phipps and R. G. Netherland, of Hawkins county. It was stipulated in the trust deed that the maker of it had given to H. S. Kane an order on Phipps and Netherland for $540 of the note, which was to be first paid if accepted.

The deed was made to secure judgments defendant Mann had obtained against complainant, and the order of $540 was also given in satisfaction of judgments Kane had obtained against complainant.

The judgment in favor of Mann was about $2,000. But upon bill filed in Virginia by complainant, Mann's judgment was declared void, and upon his cross-bill he was allowed the benefit of the trust deed for about $900, which, upon an account taken, was ascertained to be the true amount of the indebtedness of Wilcox to Mann. Kane's judgment was also declared void by a 'Virginia court, but he insists that the order, it was afterwards agreed between him and Wilcox, should stand and be in full force, that being the amount due to him from Wilcox.

The note of $981. was delivered to Morrison, the trustee, or assignee, by the maker of the instrument at the time of its execution.

Suit was brought by the trustee in Hawkins county circuit court, and judgment recovered against Netherland in January, 1875, for $1,714.58. On the 10th of May, thereafter, Netherland enjoined this judgment, but his bill was dismissed in November, 1875, and decree rendered against him and his sureties.

Complainant filed his bill praying that the original trustee, and Morrison as receiver and successor, be required to settle their accounts, and show what they have received and disbursed. It is charged that the trustee sold the land and applied to Mann's debt, and perhaps sold other trust effects, and that it will be necessary to have an account with both trustees to ascertain whether there is any balance due said Mann.

It is charged in the bill that the debt due Mann has been almost, if not entirely paid, that said deed of trust is fully discharged, and that the complainant

is entitled to have and receive the proceeds of the judgment obtained against Netherland by said Morrison.

The bill also charges that he owes Kane nothing upon his order, which was given for the amount of the judgment Kane obtained against him, which was subsequently declared void by the Virginia court, yet, it is charged Kane claims that he is entitled to have the amount of the order satisfied out of the Netherland judgment or decree, and has managed and controlled the suit against Netherland and is seeking to enforce the collection of the debt, that he may apply it to the payment of his said order, and if not restrained will apply the money belonging to complainant to his unjust and unfounded claim.

An injunction is prayed for to restrain Morrison and Kane from the collection of said judgment against Netherland, until it can be judicially determined to whom said judgment belongs.

The bill makes Netherland, Kane, Morrison and Mann, and the sheriff defendants. The two defendants, Morrison and Kane being residents of Virginia demur, because the trustee and effects are in Virginia, and the trust is being administered in the courts of that State, and no allegations against the trustee are made, and complainant is fully protected in his bond, etc. The demurrer was overruled and defendants allowed to answer.

The demurrer was properly overruled. The only fund remaining undisposed of is a judgment in the courts of Tennessee, and complainant alleges that the trust debts are nearly or quite paid, and seeks to pro-

tect the residue of the trust fund from misapplication and have the trustees to account.

On the 1st of January, 1879, complainant filed an amended bill charging that one Wm. H. Burns, the lawyer who had represented him in having the judgments of Mann and Kane declared void, had filed a bill in Virginia to collect fees due him from complainant, and had obtained a decree in his favor, and had colluded with Kane in consolidating his case against complainant with complainant's case against Mann, which was still on the docket, and had allowed Kane to have a decree against complainant for the $540 order, although he had charged in his bill that Kane's judgment was set aside as void; and complainant owed him nothing, and Kane, in his answer to Burns' bill had admitted that his judgment had been declared void. The amended bill charges he was not made a party to said bill of Burns, and had no notice of said decrees which were rendered in May and March, 1873, which ordered the Kane order to be paid out of the Netherland and Phipps debt. The amended bill prays that said decrees be declared void, having been obtained by fraud and collusion, and that the Netherland debt be declared to belong to complainant, less, whatever, if any, of it may be required to pay any balance due Mann.

Burns' bill was filed in the same court in which complainant's bill against Mann and others was filed, and in this bill last named, an account had been taken to ascertain what balance was due Mann. And Kane was made a defendant and his claim impeached; com-

plainant was served with personal notice, and was regularly before the court, but he made no defense, to Burns' claim,[7] and a judgment *pro confesso* was taken against him.

Kane answered Burns' bill and admitted that his judgment had been declared void for want of jurisdiction in the court that rendered it, but insisted that complainant, Wilcox, owed him the amount, and he had not sought to obtain another judgment, because he, Wilcox, had settled it by his order, and insisted he was entitled to receive the amount out of the first money collected by the receiver of the Netherland debt.

At the May term, 1873, the causes of Wilcox v. Mann, and Burns v. Wilcox and others, were consolidated and heard together by consent, and it was adjudged that Burns had established his debt against Wilcox, and the land was ordered to be sold for the satisfaction of Mann's debt. At the May term, 1873, a further decree was rendered, in which it was recited that Kane produced and filed his answer to the bill of Burns, and that plaintiff, Burns, conceiving that the answer of Kane sets forth the facts connected with Kane's claim of $540, declines to reply to it, and that in the case of Wilcox v. Mann a report was made showing the amount due Mann, and that the deed of trust, and Wilcox's answer in that case, shows the amount of the $981 note assigned by Wilcox to Kane, which evidence was considered in the case of Burns v. Wilcox and others, the decree reciting that by consent of all the parties at a former term, the

two causes were consolidated, and are now heard together by consent of Burns, Kane and Mann.

The court then proceeds to declare it is unnecessary to take an account to ascertain the amount due to Burns or to Kane, "because Wilcox does not pretend that the whole of the $540 and its interest is not due to Kane."

The decree then declares that Kane is entitled to be paid the whole of his debt by the trustee out of the first money received on the Phipps and Netherland debt. And said trustee is ordered to collect this debt as soon as possible, and pay the said Kane debt and interest thereon from the date of the trust deed. The decree, at its conclusion, recites that James H. Wilcox was not represented by counsel at this term of the court. But these causes were, at the last term consolidated, while he was represented by counsel, and the decree of the 10th of May, 1873, entered in the two causes, was then entered by his consent, given by his counsel in the case of Wilcox v. Mann.

In March, 1875, another decree in said two causes was rendered, reciting that judgment had been recovered by the trustee on the Phipps and Netherland note, and that Kane did not want his share of it to go into the hands of the receiver, who was appointed to execute the trusts, the trustee being removed, it was accordingly so ordered.

In October, 1879, J. C. Stamps filed his petition in this case, claiming that Wilcox had assigned him his interest in this suit and in the Netherland judgment, and exhibits the assignment dated 2d of Janu-

ary, 1879. He avers that he is entitled to have said debt becavse he first gave notice to the debtor, and prays to be made a party to the end that he may assert his claim. He was made a party. On final hearing the chancellor held, and so decreed, that the decrees allowing the Kane debt against Wilcox, rendered in August, 1873, and March, 1875, in the consolidated causes, were obtained by fraud and should be vacated and annulled. He further held that Stamps, as assignee of Wilcox, was entitled to the recoveries against Netherland, except as to any balance due Mann and the debt due Burns, and ordered accounts as to these debts.

Kane having died pending this suit his administrator was made a party, and he and Stamps have appealed. Kane's administrator appeals because his intestate's claim is disallowed, and Stamps, because Burns' claim is allowed. No objection being taken to the payment of any balance, if any, which may be found to be due to Mann.

Burns' bill was filed in January, 1873, and prays to have the $981. note attached for the satisfaction of his debt, and to have Morrison, the trustee, enjoined from paying out any sums paid him thereon, and he makes the trustee and Wilcox, the debtor, defendants to his bill.

The obligation of Phipps and Netherland is described in all the pleadings and the evidence, as a note for the payment of money, and is negotiable paper. To such paper the rule as to notice does not apply. The

note was not only assigned, or conveyed, but it was also delivered to· the trustee.

While he held it Burns filed his bill, and Wilcox and his trustee were parties to that bill, and Wilcox's subsequent assignment of his interest in this note and in this suit, would only convey such interest as he had at the time, subject to the prior rights acquired by his creditors. And it makes no difference that the note had been reduced to judgment before the assignment to Stamps.

But if notice was necessaay, it is manifest from this record, that Netherland had such notice from the filing of this bill, April 10, 1876, if not before that time. He is made a defendant to the suit to enjoin the collecfion of a judgment rendered upon the note in January, 1875, in favor of Morrison, trustee, against said Netherland. And Netherland becomes the surety of Wilcox for the prosecution of this suit, although a defendant thereto. It is not probable that the judgment could have been taken against hlm by the trustee, without his knowing the character of his claim to the note sued on—much less is it probable that he would have become the surety for the prosecution of a suit against himself without fully understanding the contents and objects of the bill.

This bill disclosed the fact of the assignment of the note for the benefit of Mann and Kane. It did not impeach its validity as a security for Mann's debt, but insisted that it was nearly if not quite paid. It did impeach Kane's claim, and it was to be relieved of this that the bill was mainly filed. In an amend-

ment it also impeached the decrees obtained by Burns and Kane against him.

Complainant alleges that he was not served with process or otherwise brought before the court at the suit of Burns, being a non-resident of the State of Virginia, and asks in his amended bill that Burns' decree be set aside and declared void for this reason. But it appears that publication was made, and afterwards process personally served upon him, and that he made no defense to the bill, and decree was entered against him upon his notes to plaintiff, exhibited with the bill May 8, 1873.

Afterwards, at the same term, May 8, 1873, the causes of Burns v. Wilcox and Wilcox v. Mann, were consolidated, and at August term, 1873, the decree complained of in favor of Kane, was rendered.

We are of opinion there is no valid objection to the decree in favor of Burns, and that he is entitled to its satisfaction out of the Netherland debt.

It is argued that the decrees in favor of Kane were fraudulently obtained and are null and void. The bill of Burns made Mann, Kane, Wilcox and the trustee, parties. It was filed in January, 1873. It declared that Kane's judgment, upon which his order was predicated, had been declared void, and so Wilcox should not be required to pay it.

In August, 1873, Kane filed his answer, insisting that it was settled between him and Wilcox, that the order should stand for the original consideration for which said judgments were rendered. Burns' name is signed to this answer as solicitor for Kane. Upon the

22d of August, 1873, Burns admits that Kane's answer sets forth the facts in relation to the $540 order, said decree is then entered, giving Kane prior right of satisfaction out of the Netherland note, and in March, 1875, a similar decree is entered, directing the trustee to collect the note and pay into court, except the amount due Kane.

The theory of the bill is, that Burns and Kane colluded together to obtain a decree in favor of the latter, against Wilcox. And that Burns having obtained the decree declaring Kane's judgment void, because the court rendering it had no jurisdiction of the case, was under special obligations to protect his former client. And such, it seems, were his feelings when he filed his bill against Wilcox to collect debts due from him, for he insisted in that bill, that Kane's order was given under the mistaken opinion that he had valid judgments to that amount, and insisted that the judgments being void, the order for their payment should be held void also.

Burns' deposition was taken and he states that after he had succeeded in reversing the judgments in favor of Kane, he and Wilcox conferred together as to the propriety of taking measures to vacate the order. The witness informed Wilcox that Kane could sue and recover upon the original liability and put him to costs, and would probably recover more than $540, and advised him, if Kane would agree to it, to let the order stand as a final settlement, and not to seek to disturb it. He agreed to do it if Kane would, and saw

Kane and he agreed to it, and so told Wilcox, and he agreed to it.

Wilcox denies that any such conversation ever took place. If it did, it sufficiently explains the reason why Burns' debt should be first satisfied. There appears to be no reason why Burns should enter into such a combination as that charged against him. Wilcox does not deny the justice of his claims, or make any defense against them. He stood in his case in antagonism to him and to Kane, and in order to reach the Netherland debt it was necessary to determine whether he or Kane had the right first to be satisfied out of it. It was about all of the trust property still remaining unappropriated, and the trust deed gave Kane the priority in respect to said Netherland debt, and we cannot say that the facts of the case warrant the charges made in the amended bill.

The decree in favor of Kane against Wilcox, who were co-defendants to Burns' bill, may have been reversed upon appeal or writ of error. But it was not absolutely void. The court had jurisdiction of the parties, and the subject-matter.

We are satisfied Wilcox owed Kane the amount of the order. Netherland and Stamps had full knowledge of Kane's claim and the assignment to him before Stamps obtained this assignment of Wilcox.

Stamps is only entitled to whatever interest Wilcox might have had after the charges of Mann, Kane and Burns have been satisfied.

The chancellor's decree as to Kane's claim will be reversed, and with this modification the decree below

---

will be affirmed, and the appellant, Stamps, will pay the costs of this court, and the cause will be remanded for the taking of an account and for further proceedings.